IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DOYLE K. THOMAS                                                                                   PLAINTIFF

V.                                            CASE NO. 5:15-CV-293-JM

J.D. & BILLY HINES TRUCKING, INC.                                                        DEFENDANT

## **ORDER**

The Court has received proposed findings and recommendations from United States Magistrate Judge Jerome T. Kearney. Judge Kearny recommended that Defendant's motion for summary judgment be granted on Plaintiff's retaliation claim but denied the motion on Plaintiff's racial discrimination claim. Both parties filed timely objections to the proposed findings and recommendations. After a *de novo* review of the record, the Court concludes that the findings and recommendations should be approved and adopted as to the retaliation claim and modified as to the race discrimination claim

The Magistrate Judge provided a detailed accounting of the procedural and factual background of this case, and it will not be repeated here.[1] Regarding Plaintiff's retaliation claim, the Court agrees with the findings and recommendations of the Magistrate Judge that Plaintiff has failed to establish that a material fact question remains on this issue, and Defendant is entitled to summary judgment on the retaliation claim.

Regarding Plaintiff's racial discrimination claim, the Magistrate Judge found that a material factual dispute over whether Defendant applied its policies in an equal and consistent manner such that summary judgment for Defendant was precluded. After a *de novo* review of the record and careful consideration of the proposed findings and recommendations and the objections

---

[1] Document No. 23, pp. 2-6.

thereto, the Court finds that no material factual dispute exists on Defendant's application of its policies, and Defendant is entitled to summary judgment on the race discrimination claim.

As Defendant points out in its objections, the Magistrate Judge concluded that Plaintiff could not prove that he was similarly situated to several other employees whose situations he relied on. Specifically, Plaintiff, who is black, failed to prove that he and a white employee, Earl Belle, were similarly situated such that their disparate treatment could prove an inference of discrimination. As the Magistrate Judge concluded, "Mr. Belle's accident occurred during adverse weather conditions; the accident caused minimal damage to the equipment; and during the investigation of the accident, Mr. Belle acknowledged fault and what he could have done differently to avoid the accident." This is very different from Plaintiff's situation, in which Plaintiff had passed the parked trailer multiple times before he collided with it under no adverse weather conditions, he caused major equipment damage, and he denied any responsibility for the accident.

The Court agrees with this analysis and, therefore, finds that Defendant's treatment of Mr. Earl following his accident does not raise a material factual dispute as to whether Defendant applied its policies in an equal and consistent manner in its decision to fire Plaintiff for his accident. As has been often quoted in this circuit, "[f]ederal courts do not sit as 'super personnel departments reviewing the wisdom or fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination." *Edmund v. MidAmerican Energy Co.,* 299 F.3d 679, 685-86 (8th Cir.2002) (quoting *Cronquist v. City of Minneapolis,* 237 F.3d 920, 928 (8th Cir.2001) [A]n employer " 'can certainly choose how to run its business,' including not to follow its own personnel policies regarding termination ... 'as long as it does not unlawfully

discriminate in doing so.'" *Haas v. Kelly Servs., Inc.,* 409 F.3d 1030, 1036 (8th Cir.2005) (quoting *Mayer v. Nextel West Corp.,* 318 F.3d 803, 810 (8th Cir.2003)).

It is undisputed that Plaintiff had been assessed six points under Defendant's point policy for two accidents prior to the accident that preceded his termination. In his last accident, he totaled Defendant's tractor he was driving and refused to accept responsibility for it. Defendant's policy provided that the point "termination level" was 12 points and that termination could also result for an accident with "major equipment damages/major at fault;" termination was not required at twelve points. Plaintiff was assessed twelve points for the last accident. Plaintiff has not provided evidence that any white employee was treated differently under similar circumstances than he was. Therefore, the Court finds that Plaintiff has failed to prove that there exists a genuine dispute of a material fact as to whether Defendant failed to follow its employment policies or to apply them in a consistent manner.

With this conclusion and the adoption of the remaining recommendations of the Magistrate Judge, Plaintiff has failed to satisfy his burden of proving an inference of discrimination as is required to establish a prima facie case of discrimination and also to establish that the stated reasons for his termination were pretextual. Summary judgment in favor of Defendant on Plaintiff's race discrimination claim shall be entered accordingly.

Therefore, the Proposed Findings and Recommendations (Document No. 23) are adopted in part and modified in part, and Defendant's motion for summary judgment (Document No. 9) is granted. A separate judgment will be entered for Defendants.

SO ORDERED this 9th day of June, 2017.

UNITED STATES DISTRICT JUDGE